[Cite as *Coleman v. R&T Invest. Property*, 2014-Ohio-2080.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Gayla J. Coleman,                          :

      Plaintiff-Appellee,                :

v.                                         :

                             No. 13AP-863

R&T Investment Property,                    :     (M.C. No. 2013 CVI 014430)

      Defendant-Appellee,                :     (REGULAR CALENDAR)

James Triplett,                            :

      Defendant-Appellant.               :

---

D E C I S I O N

Rendered on May 15, 2014

---

*Gayla J. Coleman*, pro se.

*James Triplett*, pro se.

---

APPEAL from the Franklin County Municipal Court

PER CURIAM.

{¶ 1} Defendant-appellant, James Triplett, appeals from the judgment of the Franklin County Municipal Court denying his motion for new trial. For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} On May 9, 2013, plaintiff-appellee, Gayla J. Coleman, filed a complaint in the small claims division of the Franklin County Municipal Court against James Triplett and R&T Investment Property. According to the complaint, appellee was not able to move

into the apartment she leased from appellant due to multiple health code violations.  In her complaint, appellee sought $3,000 in damages, plus costs and interest.

{¶ 3}   After mediation, a settlement was reached on June 25, 2013, whereby appellant agreed to mail a $355 money order to appellee at P.O. Box 91038, Columbus, Ohio 43209, by July 5, 2013.  The transcript of the June 25, 2013 proceeding reflects the following exchange:

> THE MAGISTRATE: Well, the reason I asked both of you whether this was your agreement – and you both said yes. I asked you that before I asked you to sign it. So you told me that this was your agreement.  We're recording this here today.  You both had told me that this is your agreement, and signing simply then allows me to make it part of the court file and give both of you a copy –
>
> [APPELLANT]: Can I leave now?
>
> THE MAGISTRATE: No – to allow you to settle this case. Now, I'm going to reschedule this case until after your July 5th payment. I'm going to reschedule this case to July 10th, because by then this case should have been settled, and nobody will need to come back to court.
>
> [APPELLEE]: Oh, okay.
>
> THE MAGISTRATE: But if, Mr. Triplett, you don't make this payment to Ms. Coleman, then on July 10th, she's going to be here to ask for judgment against the defendants on this case.

(June 25, 2013 Tr.)

{¶ 4}   Additionally, the magistrate's order dated June 25, 2013 states, "Settlement pending.  Case reassigned at 2 p.m. on 7-10, 13 for performance of settlement agreement or trial.  Case to be noted as 'settled and dismissed,' if no parties appear on the new court date."  In accordance with the same, on June 28, 2013, the court posted the trial date and time on its docket and mailed trial notices to the parties.  Though sent to appellant at the address he utilized in prior court filings, the record reflects the trial notice was returned to the court on July 12, 2013 as "not deliverable as addressed unable to forward."

{¶ 5}   The magistrate's decision filed on July 15, 2013 indicates the case was called for trial on July 10, 2013, but appellant did not appear.  Upon the presentation of

evidence, appellee was awarded $858.39, plus court costs and interest at the rate of three percent per annum from the date of judgment. The court adopted the magistrate's decision, and a judgment entry was filed on July 15, 2013.

{¶ 6} On August 12, 2013, appellant filed a motion for new trial pursuant to Civ.R. 59(A)(1), (3), (4), (5), (7), and (9). The essence of appellant's motion was that he did not receive notice of the trial date as evidenced by the trial notice being returned to the court. By entry filed September 20, 2013, the court denied appellant's motion. The court's entry states, "both [parties] were told in open court that the re-assigned trial date was July 10, 2013, in the event the settlement agreement was not honored. [Appellant] failed to honor the settlement agreement and did not appear on the July 10 trial date. * * * The fact that the written notice did not reach him is irrelevant; he was told in open court on June 25, 2013, that the re-scheduled trial date was July 10 if the settlement for whatever reason was not perfected." (Sept. 20, 2013 entry, 1.)

## II.  ASSIGNMENTS OF ERROR

{¶ 7} Appellant has appealed from the court's denial of his motion for new trial and brings two assignments of error for our review:

> 1. The trial court should have followed established law ORC 1925.05, by observing in the file that three notices were mailed out for the trial, and two of the notices were returned to the file as 'unclaimed'. 'Unclaimed' meant several parties were not noticed that a trial hearing was going to be had. This defendant, James Triplett, had no knowledge that a hearing was going to be had on a certain day, hour, and courtroom.
>
> 2. The trial court not only did not read the case file and saw required notices were not given as required by law.  But knowingly had a hearing without two parties. 'Reasonable notice and opportunity to be heard and present any claim or defense are embodied in the term 'procedural due process' the Ohio legislature mandates notices.

(Sic passim.)

## III.  DISCUSSION

### A.  Standard of Review

{¶ 8} As is relevant here, Civ.R. 59(A) provides that a new trial may be granted upon any of the following grounds:

(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

* * *

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

* * *

(7) The judgment is contrary to law;

* * *

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

{¶ 9} The decision to grant or deny a motion for a new trial, pursuant to Civ.R. 59, generally lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312 (1995). The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### B. Appellant's Assigned Errors

{¶ 10} Because they are interrelated, appellant's two assignments of error will be addressed together. In these assigned errors, appellant challenges the court's denial of his Civ.R. 59 motion for new trial. According to appellant, because the court's trial notice was returned to the court as "unclaimed," he lacked notice of the trial and was denied his procedural due process rights when the court proceeded with trial in his absence.

{¶ 11} Due process requires " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124-25 (1986), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). As stated in *Ohio Valley Radiology*, the Civil Rules do not provide for a "notice of trial," and "Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." *Id.* at 124, citing *Ries Flooring Co. v. Dileno Constr. Co.*, 53 Ohio App.2d 255, 259 (8th Dist.1977); and *Metcalf v. Ohio State Univ. Hosp.*, 2 Ohio App.3d 166, 167-68 (10th Dist.1981).

{¶ 12} As a general rule, "once a person becomes a party to an action, he has a duty to check on the proceedings of the court to assure that he will be at the hearings or trial." *Ketchum v. Hoffman*, 10th Dist. No. 93APE09-1270 (May 26, 1994), citing *Ries Flooring Co.*; *Metcalf*; *Omni Credit Servs. v. Leston*, 2d Dist. No. 25287, 2013-Ohio-304. Quoting *Ries Flooring Co.* at 124, this court stated in *Ketchum* that " 'parties are not normally entitled to notice of a hearing other than the setting of the case on the docket.' " There, we found that the trial court's original case schedule afforded the defendant actual notice of the trial date and setting the trial date on the court's docket provided reasonable constructive notice of the trial date despite the fact that the court improperly mailed subsequent "courtesy" notices to the defendant's former counsel.

{¶ 13} Additionally, in *Leader Ins. Co. v. Moncrief*, 10th Dist. No. 05AP-1289, 2006-Ohio-4232, this court was presented with a scenario in which the trial court notified the parties of the trial date but gave conflicting notices regarding the scheduled start time for trial. Specifically, the issuance of some notices stated trial would start at 8:00 a.m. and some notices stated trial would start at 9:00 a.m. Nonetheless, because the record indicated that the trial court entered the 8:00 a.m. start time on its docket and issued corrected notices clarifying the correct start time one week prior to trial, this court found that the court issued timely notice of the 8:00 a.m. start time. We held that, "[a]t the very least, the court gave constructive notice * * * of the 8:00 a.m. start time when it posted the correct date and time on the court docket." *Id.* at ¶ 43.

{¶ 14} More recently, in *Yoder v. Thorpe*, 10th Dist. No. 07AP-225, 2007-Ohio-5866, a defendant who failed to appear for trial argued on appeal that the trial court failed to provide him notice of the trial date and erred in proceeding with trial in his absence. This court rejected the defendant's contention. Though concluding the court's trial notice did not provide the defendant with actual notice because it was returned to the court for an insufficient address, this court held (1) the defendant had actual notice of the trial date based on the court's order of reference that contained the trial date, and (2) even if the defendant did not receive the order of reference with the stated trial date, the defendant had sufficient constructive notice of the trial date by virtue of the court's entry of the trial date on its docket.

{¶ 15} In the present case, though the trial notice sent to appellant appears to have been returned to the court, the record reflects appellant had actual notice of the trial date as evidenced by the magistrate's June 25, 2013 order and the transcript of the June 25, 2013 proceedings. Moreover, appellant had sufficient constructive notice of the trial date based on the court's June 28, 2013 entry of the trial date on its docket.

{¶ 16} Upon review of the record, we find that appellant had both actual and sufficient constructive notice of the trial date such that he has failed to demonstrate that a due process violation occurred at the July 10, 2013 trial. Accordingly, we discern no abuse of discretion in the court's denial of appellant's Civ.R. 59 motion for new trial, and we overrule appellant's two assignments of error.

## IV. CONCLUSION

{¶ 17} Having overruled both of appellant's asserted assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER, P.J., TYACK, and LUPER SCHUSTER, JJ., concur.

_____