[Cite as *Davidson v. West*, 2019-Ohio-224.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Shanel M. Davidson, :

    Plaintiff-Appellee, :

                                     No. 18AP-268

v. : (M.C. No. M2017CVI-37523)

Paulius R. West, Sr., : (REGULAR CALENDAR)

    Defendant-Appellant. :

---

D E C I S I O N

Rendered on January 24, 2019

---

**On brief:** *P.R. West, Sr.,* pro se. **Argued:** *P.R. West, Sr.*

---

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Paulius R. West, Sr., appeals from the March 13, 2018 judgment of the Franklin County Municipal Court overruling appellant's objections to the magistrate's decision and entering judgment for plaintiff-appellee, Shanel M. Davidson. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On November 1, 2017, appellee filed in the trial court a complaint asserting that appellant, as her former landlord, wrongfully withheld her security deposit. Appellee sought the return of her deposit and statutory damages pursuant to R.C. 5321.16, resulting in a demand for judgment in the amount of $3,276, in addition to court costs and interest. On November 6, 2017, summons and a copy of the complaint were sent by certified mail to appellant at P.O. Box 248811, Columbus, Ohio 43224 ("P.O. Box address"). On December 7, 2017, a document was filed reflecting no proof of service had been filed.

{¶ 3}   On December 11, 2017, instructions to the clerk were filed ordering certified mail service on appellant at a new address at 3164 Cannock Lane, Columbus, Ohio 43219 ("Cannock Lane address").   On December 13, 2017, a certified letter, which was sent to appellant at the P.O. Box address, postmarked with a date of November 7, 2017, and marked as unclaimed, was filed in the record.

{¶ 4}   On December 20, 2017, the trial court's magistrate filed an order rescheduling trial for January 11, 2018 at the request of appellant.   On December 22, 2017, appellant filed an answer.   On December 26, 2017, the trial court filed a notice and summons rescheduling trial for January 23, 2018, and noted the new trial date and time on the docket.   The record reflects a notice and summons were sent on December 26, 2017 to appellant at the Cannock Lane address.

{¶ 5}   On January 26, 2018, a magistrate's decision was filed reflecting that appellant failed to appear for the scheduled trial.   The decision entered judgment for appellee in the amount of $3,276, plus court costs and interest from the date of judgment. On the same date, the trial court filed a judgment entry adopting the magistrate's decision. The record reflects that a notice of court order was sent on January 26, 2018 to appellant at the Cannock Lane address.

{¶ 6}   On February 5, 2018, appellant filed an untitled motion with the trial court. In the motion, appellant asserted that "I am filing this appeal for a reversal of the judgment and for this case to be continued in court."   On February 20, 2018, a certified letter, which was sent to appellant at the Cannock Lane address, postmarked with a date of December 27, 2017, and marked as unclaimed, was filed in the record.   On March 13, 2018, the trial court filed an entry construing appellant's February 15, 2018 motion as an objection to the magistrate's decision, overruling appellant's objection, accepting the magistrate's decision, and entering judgment for appellee.   The record reflects a notice of court order was sent on March 14, 2018 to appellant at the P.O. Box address.

## II.  Assignments of Error

{¶ 7}   Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The trial court erred and abused its discretion in finding for the appellee due to the appellant's failure to appear for court when rescheduled on January 23, 2018. As noted in the

Franklin County Municipal Court Clerk Case Information record, the appellant ***never*** received appropriate notice and was not properly served to show up in court. The judgment should be reversed and/or dismissed.

[II.] The trial court erred in that it did not give due consideration to the appellant with respect to the due and just trying of this case. Should the appellant been able to thoroughly present the facts to the trial court in full, it would have been shown that the appellant appeared in court each and every time that he received proper process/notice in this matter.

(Emphasis sic.) (Sic passim.) Because appellant's assignments of error are interrelated, we consider them together.

### III. Discussion

{¶ 8} In his assignments of error, appellant argues the trial court deprived him of due process by failing to serve him notice of the rescheduled trial date. In support of this argument, appellant asserts this lack of notice constituted sufficient grounds to grant him relief from judgment pursuant to Civ.R. 60(B). Here, the trial court construed appellant's February 15, 2018 motion as an objection to the magistrate's decision. However, even if we were to consider appellant's motion as a motion for relief from judgment under Civ.R. 60(B), we cannot find the trial court erred in denying appellant the requested relief.

{¶ 9} We apply an abuse of discretion standard when reviewing a trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B). *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 35. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} In order to secure relief under Civ.R. 60(B), a party must establish all of the following three requirements: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Civ.R. 60(B) requires a party set forth one of the following reasons to support the request for relief from judgment:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Appellant asserts he is entitled to relief under Civ.R. 60(B)(1) and (5).

{¶ 11} We have held that the mistake contemplated under Civ.R. 60(B)(1) is a mistake of a party or a party's representative, not a mistake by a trial court in rendering its decision. *Star Merchandise, LLC v. Haehn*, 10th Dist. No. 16AP-39, 2016-Ohio-8018, ¶ 30; *Freeh v. Hill*, 10th Dist. No. 13AP-377, 2014-Ohio-3929, ¶ 16; *Foy v. Trumbull Corr. Inst.*, 10th Dist. No. 11AP-464, 2011-Ohio-6298, ¶ 11. Here, because the alleged mistake was committed by the trial court, not by a party or a party's representative, Civ.R. 60(B)(1) is not applicable.

{¶ 12} Next, we consider whether appellant is entitled to relief under Civ.R. 60(B)(5). " 'Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).' " *Wireless Resource LLC v. Garner*, 10th Dist. No. 11AP-1038, 2012-Ohio-2080, ¶ 16, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. "Courts only invoke Civ.R. 60(B)(5) in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment." *Wiltz* at ¶ 40, citing *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 10AP-1094, 2011-Ohio-4251, ¶ 37, citing *Caruso-Ciresi* at paragraph two of the syllabus.

{¶ 13} Appellant asserts he is entitled to relief under Civ.R. 60(B)(5) because he was denied his procedural due process rights when the court proceeded with trial in his absence although trial notice was returned to the court as "unclaimed." Due process requires " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124-25,

(1986), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Although the Ohio Civil Rules of Procedure do not provide for a notice of trial, "[b]oth the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and thus guarantee 'a reasonable opportunity to be heard after a reasonable notice of such hearing.' " *Id.* at 125, quoting *State ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347 (1936), paragraph five of the syllabus. To this end, "Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." *Id.* at 124, citing *Ries Flooring Co. v. Dileno Constr. Co.*, 53 Ohio App.2d 255, 259 (8th Dist.1977); and *Metcalf v. Ohio State Univ. Hosps.*, 2 Ohio App.3d 166, 167-68 (10th Dist.1981).

{¶ 14} "As a general rule, 'once a person becomes a party to an action, he has a duty to check on the proceedings of the court to assure that he will be at the hearings or trial.' " *Coleman v. R&T Invest. Property*, 10th Dist. No. 13AP-863, 2014-Ohio-2080, ¶ 12, quoting *Ketchum v. Hoffman*, 10th Dist. No. 93APE09-1270 (May 26, 1994), citing *Ries Flooring Co.* We have held that the entry of a trial date on the court's docket provides reasonable, constructive notice of the trial date. *Coleman* at ¶ 15 (finding that although trial notice sent to the appellant was returned unclaimed, the appellant had sufficient constructive notice based on the entry of the trial date on the docket, in addition to actual notice from magistrate's order and transcript of prior proceedings); *Yoder v. Thorpe*, 10th Dist. No. 07AP-225, 2007-Ohio-5866, ¶ 16 (finding that "[e]ven if [the appellant] did not receive the order of reference notifying him of the [date of] trial, he had sufficient constructive notice of the trial date by virtue of the court's entry of the trial date on its docket"); *Leader Ins. Co. v. Moncrief*, 10th Dist. No. 05AP-1289, 2006-Ohio-4232, ¶ 43; *Ketchum*, quoting *Ries Flooring* at 259 (noting that "it has been stated that 'parties are not normally entitled to notice of a hearing other than the setting of the case on the docket' "); *Metcalf* at 169 (stating that the "[p]laintiff must demonstrate that the trial date was not entered upon the trial docket, and that he therefore had no means of keeping himself advised of the trial date, if he is to show a due process violation; otherwise, we must presume that the proceedings below were regular").

{¶ 15} In the present case, although the notice of trial date sent to appellant appears to have been returned to the court as "unclaimed," the record nevertheless reflects appellant had constructive notice of the trial date based on the court's December 26, 2017 entry of the trial date on its docket. Appellant makes a number of assertions, both in his February 15, 2018 motion in the trial court and in his appellate brief, regarding the trial court's failure to notify him of the trial date. However, those statements are unsworn and, therefore, are outside the scope of evidence for purposes of this appeal. *Compare Citibank, N.A. v. Lapierre*, 10th Dist. No. 13AP-30, 2013-Ohio-3016, ¶ 11, quoting *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 22, quoting *Poorman v. Ohio Adult Parole Auth.*, 4th Dist. No. 01CA16, 2002-Ohio-1059 (stating that appellant's statement that she was not served was unsworn and therefore, " ' "d[id] not constitute evidence," ' " as she merely alleged it in her motion to vacate and did not attach an affidavit or any other form of evidence attesting to the same); and *McBroom v. Bob-Boyd Lincoln Mercury, Inc.*, 10th Dist. No. 12AP-829, 2013-Ohio-1679, ¶ 12 (finding that trial court did not abuse its discretion in denying Civ.R. 60(B) motion where the "appellant offer[ed] no evidence, by affidavit or otherwise, in support of her bare allegations"); with *Galbreath v. Martin*, 10th Dist. No. 11AP-348, 2011-Ohio-5852, ¶ 8-10 (finding that the appellant was entitled to an evidentiary hearing where the appellant filed a motion, supported by an uncontroverted affidavit, asserting default judgment was entered without proper service of process); and *Nationwide Ins. Co. v. Mahn*, 36 Ohio App.3d 251, 252 (10th Dist.1987). Moreover, appellant does not assert, by affidavit or otherwise, that it was unreasonable to expect that he would receive mail at the Cannock Lane address.[1] *Law Offices of James P. Connors v. Cohn*, 10th Dist. No. 08AP-1031, 2009-Ohio-3228, ¶ 14, quoting *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 124 (6th Dist.1991) (stating in the context of the service of complaint and summons that " '[s]ervice need not be made to the party's actual address so long as it is made to an address where there is a reasonable expectation that service will be delivered to the party' ").

{¶ 16} Appellant also cites to Civ.R. 4.1 in arguing that his due process rights were violated. However, Civ.R. 4.1 through 4.6 apply to service of process upon the filing of a

---

[1] We note that appellant, in his brief, asserts that the P.O. Box address was a business address, which he provided, whereas the Cannock Lane address was his home address, which he did not provide. (Appellant's Brief at 7.)

complaint, not pleadings or other papers subsequent to the initial complaint. *See generally Austin v. White Castle Sys., Inc.*, 10th Dist. No. 12AP-1029, 2013-Ohio-5107, ¶ 5, citing *King v. Hazra*, 91 Ohio App.3d 534, 536-37 (9th Dist.1993) (stating that "[a]bsent a waiver of service, a party must be served with the summons and complaint pursuant to the methods set forth in Civ.R. 4.1 through 4.6").

{¶ 17} Therefore, under the facts and circumstances of this case, we find that, based on the entry of the trial date on the docket, appellant received constructive notice sufficient to satisfy guarantees of due process. *Ohio Valley Radiology* at 124-25. Even if we were to construe appellant's February 15, 2018 motion as a motion for relief from judgment pursuant to Civ.R. 60(B), appellant has failed to demonstrate an abuse of discretion in denying the requested relief. Accordingly, we overrule appellant's two assignments of error.

## IV. Conclusion

{¶ 18} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

———————————