[Cite as *Rizzo-Lortz v. Eric Ins. Group*, 2019-Ohio-2133.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Louise Rizzo-Lortz, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-623 |
| v. | : | (C.P.C. No. 15CV-1962) |
| Erie Insurance Group, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 30, 2019

**On brief:** *Louise Rizzo-Lortz*, pro se.

**On brief:** *Caborn & Butauski Co. LPA*, and *Joseph A. Butauski*, for appellee. **Argued:** *Joseph A. Butauski*.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Louise Rizzo-Lortz, appeals a judgment of the Franklin County Court of Common Pleas that dismissed her action against defendant-appellee, Erie Insurance Group ("Erie"), for failure to prosecute. For the following reasons, we affirm that judgment.

{¶ 2} On March 5, 2015, Rizzo-Lortz filed a complaint alleging that she had suffered both personal injury and property damage when another automobile hit the rear of her automobile. The owner of the other automobile did not have any insurance. At the time of the collision, Rizzo-Lortz had an automobile insurance policy with Erie that included uninsured/underinsured motorist coverage. In her complaint, Rizzo-Lortz sought recovery under her policy for the damages caused by the collision.

{¶ 3} Over a year later, on March 25, 2016, Rizzo-Lortz's attorney moved to withdraw as counsel due to irreconcilable differences with her client. Concerned about the age of the case and the fast approaching trial date, the trial court scheduled a hearing on the motion to withdraw for April 12, 2016. The trial court also scheduled a mediation conference for the same date.

{¶ 4} When mediation proved unsuccessful, the trial court granted the motion to withdraw filed by Rizzo-Lortz's attorney. Additionally, with the agreement of the parties, the trial court referred the matter to a magistrate for a jury trial. The magistrate postponed the trial until February 6, 2017 in order to give Rizzo-Lortz time to retain new counsel and provide the new counsel with ample opportunity to prepare for trial.

{¶ 5} On February 6, 2017, both parties appeared for trial. Rizzo-Lortz, however, had not retained a new attorney. Over Erie's objection, the magistrate continued the trial until June 28, 2017. In the February 10, 2017 order rescheduling the trial date, the magistrate stated, "**This date is firm and no further continuances will be extended.**" (Emphasis sic.)

{¶ 6} Two days prior to the June 28, 2017 trial date, the magistrate received an email from Rizzo-Lortz that included a purported motion for summary judgment and a document objecting to the video deposition of Erie's expert witness, which Erie had filed in preparation for trial. Rizzo-Lortz did not file either of these documents with the Franklin County Clerk of Courts ("clerk"). Additionally, Rizzo-Lortz neither signed the documents nor attached certificates of service to the documents.[1]

{¶ 7} On June 28, 2017, both Erie's attorney and representative appeared for trial. Rizzo-Lortz did not. That morning, the magistrate had received an email from Rizzo-Lortz in which Rizzo-Lortz suggested that she would not attend trial and offered a number of excuses for her absence, including financial hardship, transportation difficulties, mental anguish, and physical pain. In the email, Rizzo-Lortz also requested that the magistrate continue the trial date.

{¶ 8} In a decision issued June 29, 2017, the magistrate overruled the motions contained within Rizzo-Lortz's June 26, 2017 email. The magistrate also found that Rizzo-

---

[1] The magistrate later marked these documents as an exhibit and admitted the exhibit into evidence at the subsequent show-cause hearing so they would appear in the record.

Lortz's nonappearance for trial constituted a failure to prosecute her action. Consequently, the magistrate set a hearing for July 14, 2017 so Rizzo-Lortz could show cause why her action should not be dismissed pursuant to Civ.R. 41(B)(1). The magistrate warned Rizzo-Lortz that "**[f]ailure to appear shall result in a court-ordered dismissal with prejudice**." (Emphasis sic.) (June 29, 2017 Mag.'s Decision and Order for Show Cause Hearing at 3.)

{¶ 9} Rizzo-Lortz did not attend the July 14, 2017 show-cause hearing. The magistrate, therefore, issued a decision that recommended that the trial court dismiss Rizzo-Lortz's action with prejudice for failure to prosecute. Rizzo-Lortz did not object to the magistrate's decision. On August 2, 2017, the trial court issued a judgment adopting the magistrate's decision and dismissing Rizzo-Lortz's action with prejudice.

{¶ 10} Rizzo-Lortz now appeals the trial court's August 2, 2017 judgment, and she assigns the following errors:

> [1.] Denial of motion for a change of venue.
>
> [2.] The trial court erred to the prejudice of Appellant/Louise Rizzo with the denial of Due Process Rights.
>
> [3.] The trial court erred to the prejudice of Louise Rizzo by admitting into evidence, over her objections, misleading testimony from Erie's expert's "record review".
>
> [4.] The trial court abused its discretion in not granting the motion for summary judgment.

{¶ 11} By her first assignment of error, Rizzo-Lortz argues that the trial court erred by denying her motion for a change of venue. The record, however, contains no motion for a change of venue or a ruling on such a motion. In her reply brief, Rizzo-Lortz states that she made her motion orally. In that event, Rizzo-Lortz had an obligation to provide this court with a transcript of the proceeding in which she requested a change of venue. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) (holding that an appellant has the duty to provide a transcript for appellate review because the appellant bears the burden of showing error by reference to matters in the record). She did not do so. Based on the record before this court, we can only conclude that Rizzo-Lortz did not move for a change in venue and, consequently, has waived appellate review of that issue. *See Niskanen*

*v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 (holding that a party who fails to raise an argument in the court below waives her right to raise it on appeal); *accord Yoel v. Yoel*, 11th Dist. No. 2009-L-063, 2012-Ohio-643, ¶ 33 (because the appellant failed to provide a transcript showing that he made an oral motion, the record did not reveal any motion and, thus, the appellant waived any error related to the alleged motion). Accordingly, we overrule Rizzo-Lortz's first assignment of error.

{¶ 12} By her second assignment of error, Rizzo-Lortz argues that the trial court deprived her of due process when it failed to provide her notice of the July 14, 2017 show-cause hearing.  We are not persuaded.

{¶ 13} Due process requires that litigants receive " 'notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "  *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124-25 (1986), quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Due process, therefore, demands that litigants receive some form of reasonable notice of hearings.  *Id.* at 124.  However, that notice need not be actual notice.  In the absence of a court rule mandating that actual notice occur, " 'due process is satisfied where the trial court sets a case down on its docket for hearing, since the parties or their attorneys are expected to keep themselves advised of the progress of their cases.' "  *Yoder v. Thorpe*, 10th Dist. No. 07AP-225, 2007-Ohio-5866, ¶ 13, quoting *Metcalf v. Ohio State Univ. Hosp.*, 2 Ohio App.3d 166, 168 (10th Dist.1981).  In other words, the entry of a hearing date on the trial court's docket provides litigants with the requisite due process because such an entry constitutes reasonable, constructive notice of the hearing.  *Id.* at ¶ 10; *Davidson v. West*, 10th Dist. No. 18AP-268, 2019-Ohio-224, ¶ 13; *Coleman v. R&T Invest. Property*, 10th Dist. No. 13AP-863, 2014-Ohio-2080, ¶ 11; *Leader Ins. Co. v. Moncrief*, 10th Dist. No. 05AP-1289, 2006-Ohio-4232, ¶ 37.  Entry of the hearing date on the docket achieves constructive notice to the parties because "[p]arties to an action have a duty to keep themselves apprised of the entries on the record and to monitor the progress of their case."  *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 21; *accord Davidson* at ¶ 14 (holding that a party to an action has a duty to check on the proceedings of the court to assure that he or she will be at the hearings or trial).

{¶ 14} Here, the magistrate set July 14, 2017 as the date for the show-cause hearing in a decision issued on June 29, 2017. That decision indicated that a copy of the decision was sent to Rizzo-Lortz by ordinary mail. Even if Rizzo-Lortz did not receive the mailed copy, she still had constructive notice of the hearing date because the clerk journalized the magistrate's decision on June 29, 2017. Thus, beginning on June 29, 2017, the publicly available online docket included a copy of the decision. The docket also included a separate entry, dated June 29, 2017, that stated that a hearing was scheduled for July 14, 2017. Given the information in the docket, Rizzo-Lortz had, at the very least, constructive notice of the show-cause hearing. Accordingly, we conclude that due process was satisfied, and we overrule Rizzo-Lortz's second assignment of error.

{¶ 15} We will address Rizzo-Lortz's third and fourth assignments of error together because they are interrelated. In those two assignments of error, Rizzo-Lortz argues that the trial court erred by not ruling in her favor on the motions she submitted by email. We disagree.

{¶ 16} Pursuant to Civ.R. 5(D), a party must file with the court "[a]ny paper after the complaint that is required to be served," which includes motions. *See* Civ.R. 5(A) (requiring service of "every written motion other than one which may be heard ex parte"). A party files a document with the court by filing it with the clerk of court, unless the judge permits documents to be filed with the judge instead. Civ.R. 5(E). "Motions and other papers not properly filed are considered unknown to a trial court." *Beverly v. Lasson*, 2d Dist. No. 07-CA-22, 2008-Ohio-3707, ¶ 39.

{¶ 17} Here, neither the trial judge nor the magistrate authorized the parties to file documents directly with the magistrate. Rizzo-Lortz, however, chose to email her motions to the magistrate instead of properly filing them with the clerk as required by Civ.R. 5(E). Such improperly filed documents lack any legal effect.[2] Consequently, we conclude that the trial court did not err in refusing to grant Rizzo-Lortz the relief she sought in those documents, and we overrule Rizzo-Lortz's third and fourth assignments of error.

{¶ 18} Since her attorney withdrew in April 2016, Rizzo-Lortz has represented herself in this matter. Due to her pro se status, Rizzo-Lortz asks this court to excuse her

---

[2] Rizzo-Lortz also failed to comply with two other procedural rules: (1) Civ.R. 5(B)(4), which requires litigants to attach a certificate of service to motions, and (2) Civ.R. 11, which requires litigants to sign motions. Noncompliance with either of these rules justifies a trial court's refusal to consider a motion.

noncompliance with court procedure and inability to interface with the online docket. We cannot. Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, LLC*, 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. A litigant proceeding pro se can neither expect nor demand special treatment. *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26.

{¶ 19} For the foregoing reasons, we overrule all of Rizzo-Lortz's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., LUPER SCHUSTER and BRUNNER, JJ., concur.

————————————