[Cite as *Summers v. Naumov*, 2021-Ohio-2323.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shaneka Summers, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-565 |
| v. | : | (C.P.C. No. 20CV-6449) |
| Dusko Naumov et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on July 8, 2021

**On brief:** *Shaneka Summers*, pro se.

**On brief:** *Graff & McGovern, L.P.A, Brandon M. Smith*, and *James M. McGovern*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Shaneka Summers, pro se, appeals from the November 25, 2020 decision and entry granting the motion of appellees to dismiss. For the following reasons, we dismiss the appeal.

{¶ 2} Appellant filed three complaints against appellees before the Ohio Civil Rights Commission (the "Commission"). The Commission rendered decisions in each of the cases, and appellant sought reconsideration of each of the three decisions. The Commission rendered decisions on reconsideration and found no probable cause existed in two of the cases, and no jurisdiction existed in the third case. The decisions upon reconsideration were mailed August 27, 2020.

{¶ 3} On September 30, 2020, appellant filed her request for judicial review pursuant to R.C. 4112.06 in the trial court. On November 5, 2020, appellees filed a motion to dismiss on grounds that the trial court lacked jurisdiction to hear the matter. Appellant did not respond to the motion to dismiss.

{¶ 4} On November 25, 2020, the trial court granted the motion to dismiss filed by appellees in a decision and entry. The trial court determined that, pursuant to R.C. 4112.06, appellant was required to file her request for judicial review in the trial court no later than 30-days from the service of the order of the Commission she wished to have reviewed. Nov. 25, 2020 Decision and Entry at 2. The trial court found that because appellant did not file her request for judicial review until after the 30-day time period had expired, it was prevented from exercising jurisdiction over the matter. *Id.* at 3.

{¶ 5} On December 9, 2020 appellant timely filed her appeal from the trial court's November 25, 2020 decision and entry, which is now before us.

{¶ 6} We begin by observing that appellant elected to proceed pro se both in bringing this action and on appeal. It is well-settled that litigants who choose to proceed pro se "are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Rizzo-Lortz v. Erie Ins. Group,* 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, LLC,* 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. "A litigant proceeding pro se can neither expect nor demand special treatment." *Id.,* citing *Suon v. Mong,* 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26. "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 7} In the present case, appellant's brief is deficient in that it fails to substantially conform to the briefing requirements set forth in the Ohio Rules of Appellate Procedure and this court's Local Rules. First, appellant's brief contains no assignments of error. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the

briefs under App.R. 16."  App.R. 12(A)(1)(b).  "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, quoting App.R. 12(A)(1)(b); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments").  Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16.  Furthermore, appellate courts have discretion to dismiss appeals that fail to set forth assignments of error. *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2.

{¶ 8}  In addition to failing to set forth any assignments of error, appellant's brief fails to include a table of authorities, a statement of issues, a statement of the case, a statement of facts, or any arguments that are supported by proper citations to the record, all as required pursuant to App.R. 16 and Loc.R. 8(A) of the Tenth District Court of Appeals.  Indeed, although the table of contents purports to include a "statement of issue presented," a "statement of facts," and "evidence of victimization," the page numbers of the brief corresponding to these purported sections consist entirely of various exhibits related to the cases filed before the Commission.  The attachment of such exhibits does not suffice as a substitute for the required sections under App.R. 16 and Loc.R. 8(A), and the failure to substantially comply with the foregoing requirements provides independent grounds for dismissal by this court.  *See, e.g., McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624, ¶ 19-20.  Indeed, Local Rule 10 specifically provides that any "noncompliance with the Appellate Rules or the Rules of this Court" shall be "deemed good cause for dismissal of an appeal."  Loc.R. 10(E).

{¶ 9}  In sum, appellant has not substantially complied with the briefing requirements set forth in the Ohio Rules of Appellate Procedure and this court's Local Rules so as to provide this court with a reviewable matter.  Accordingly, we hereby dismiss this appeal.

*Appeal dismissed.*

BROWN and MENTEL, JJ., concur.

_____