[Cite as *Wilk v. Wilk*, 2011-Ohio-5273.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96347**

## GREGORY C. WILK, JR.

PLAINTIFF-APPELLEE

vs.

## YALANA WILK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-333919

**BEFORE:** Celebrezze, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 13, 2011

**ATTORNEY FOR APPELLANT**

Jennifer L. Lawther
27730 Euclid Avenue
Cleveland, Ohio   44132


**ATTORNEY FOR APPELLEE**

John D. Zalic
Law Office of John Zalic
7515 Pearl Road
Suite 206
Middleburg Heights, Ohio   44130


FRANK D. CELEBREZZE, JR., J.:

**{¶ 1}**  Defendant-appellant, Yalana Wilk, appeals from the judgment entry of divorce entered in the Cuyahoga County Court of Common Pleas, Domestic Relations Division, on December 29, 2010.   After review of the record and relevant case law, we affirm in part, reverse in part, and remand.

**{¶ 2}**  Appellant and Gregory C. Wilk, Jr. ("appellee") were married in McConnelsville, Ohio, on September 23, 2000.   On October 25, 2010, appellee filed a complaint for divorce.   Upon receiving service of the complaint for divorce on October 29, 2010, appellant failed to file a formal answer with the court.   On December 29, 2010, the trial court held a hearing for a final determination of the issues.   Appellant did not appear at the hearing and presented no evidence or documentation to the trial court.   At the conclusion of the hearing, the trial court issued a final judgment entry granting appellee an uncontested divorce.

**{¶ 3}** On January 28, 2011, appellant filed a notice of appeal with this court. Subsequently, appellant filed a motion for relief from judgment and a motion to stay judgment with the lower court on February 9, 2011. On March 16, 2011, appellant filed a motion to remand with this court so that her pending motions with the lower court could be adjudicated. On April 8, 2011, this court denied appellant's motion to remand.

**{¶ 4}** Appellant's timely appeal raises three assignments of error:

**{¶ 5}** I. "The trial court abused its discretion by naming Gregory C. Wilk as the residential parent and legal custodian of the minor children without considering the best interests of the minor children."

**{¶ 6}** II. "The trial court abused its discretion in dividing the marital property by listing the date of termination of the marriage as December 29, 2010, yet using values of assets from June 30, 2010."

**{¶ 7}** III. "The trial court abused its discretion by not considering spousal support."

**Law and Analysis**

**I**

**{¶ 8}** In her first assignment of error, appellant argues that the trial court erred in allocating parental rights and responsibilities without including the relevant evidence and factors it considered in determining the "best interests" of the children within the judgment entry.

**{¶ 9}** Pursuant to the divorce decree, appellee was named the residential parent and legal custodian of the parties' three minor children. An appellate court must uphold the trial court's allocation of parental rights and responsibilities absent an abuse of discretion, which implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Mason v. Mason*, Cuyahoga App. No. 80368, 2002-Ohio-6042, citing *Masters v. Masters* (1994), 69 Ohio St.3d 83, 630 N.E.2d 665. Accordingly, absent a clear showing of an abuse of discretion, we will not reverse the trial court's judgment.

**{¶ 10}** Provisions for the allocation of parental rights and responsibilities are set forth in R.C. 3109.04. In making the allocation, the trial court is required to take into account the best interests of the children. In determining the best interests of a child, the court is to consider all relevant factors, including, but not limited to, those factors set forth in R.C. 3109.04(F)(1). However, absent a Civ.R. 52 motion,[1] a trial court need not make specific findings correlating to R.C. 3109.04(F) in the judgment entry. See *Harp v. Harp* (Apr. 16, 1990), Clermont App. No. CA 89-08-075. Further, an appellate court will presume regularity in the trial. *State v. Coombs* (1985), 18 Ohio St.3d 123, 125, 480 N.E.2d 414. Therefore, generally this court would presume that the trial court considered the R.C. 3109.04(F) factors, unless there is reason to believe the trial court did not consider those factors. See *Bird v. Bird* (Feb. 19, 1985), Stark App. No. CA 6423.

---

[1] Civ.R. 52 states: "When questions of fact are tried by a court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

{¶ 11} In this case, the trial court's judgment entry not only fails to mention R.C. 3109.04 or make any related factual findings, it also fails to indicate that the trial court considered the children's best interests in designating appellee as the custodial parent. In fact, the judgment entry makes no mention of the children's best interests. Rather, the judgment entry merely consists of a blanket order, stating, "[i]t is further ordered, adjudicated and decreed that parental rights and responsibilities are allocated primarily to Plaintiff, Gregory C. Wilk, who is hereby designated the Residential Parent and Legal Custodian of the minor children."

{¶ 12} While we recognize that the trial court was not required to make express findings of fact without a Civ.R. 52 motion before it, we find that where, as here, the best interests of children are at issue, there should be some indication in the judgment entry that the trial court considered the best interests of the children pursuant to R.C. 3109.04(F) when it allocated parental rights and responsibilities. Without such indicia of reliability, we have no basis to presume that the trial court considered the R.C. 3109.04(F) factors. See *Hawkins v. Hawkins* (Dec. 18, 1979), Franklin App. No. 79AP-404; *Phillips v. Phillips*, Licking App. No. 2005CA00072, 2006-Ohio-2098.

{¶ 13} For the foregoing reasons, appellant's first assignment of error is sustained as it pertains to the allocation of parental rights and responsibilities. Because there is no transcript of the December 29, 2010 divorce hearing available for this court to review, we remand this mater to the trial court for a limited hearing on the allocation of parental rights and responsibilities.

## II

{¶ 14} In her second assignment of error, appellant argues that the trial court abused its discretion in dividing the parties' marital property by listing the date of termination of the marriage as December 29, 2010, yet using values of assets from June 30, 2010. Furthermore, appellant contends that the trial court erred in failing to include specific findings of fact to support its use of June 30, 2010 as the valuation date for certain marital assets.

{¶ 15} In the divorce decree, the trial court used the alternative date of June 30, 2010 as the valuation date for the parties' interest in appellee's Boilermakers National Annuity trust and IRA accounts. "The decision to use the final hearing date as the valuation date *or another alternative date* pursuant to R.C. 3105.171 (A)(2)(a) and (b) is discretionary and will not be reversed on appeal absent an abuse of discretion." (Emphasis added.) *Cangemi v. Cangemi,* Cuyahoga App. No. 86670, 2006-Ohio-2879, ¶23, citing *Schneider v. Schneider* (1996), 110 Ohio App.3d 487, 493, 674 N.E.2d 769. A review of the record fails to demonstrate that the trial court's decision was unreasonable, arbitrary, or unconscionable.

{¶ 16} In this case, appellant did not submit any valuations to the trial court and failed to present any evidence to support her position that the June 30, 2010 valuation date was inequitable. Consequently, we assume regularity in the trial court's decision to use June 30, 2010 as the valuation date for appellee's Boilermakers National Annuity trust and IRA accounts. See *Davis v. Davis*, Cuyahoga App. No. 82343,

2003-Ohio-4657, ¶18, citing *Hruby v. Hruby* (June 11, 1997), Columbiana App. No. 93-C-9 ("[I]f a party fails to present sufficient evidence of valuation, they have presumptively waived their right to appeal the distribution of those assets since the trial court can only make decisions based on the evidence presented and is not required to order submission of additional evidence.").

{¶ 17} Additionally, appellant failed to request findings of fact and conclusions of law pursuant to Civ.R. 52. Therefore, the trial court was not required to include specific findings of fact to support its use of June 30, 2010 as the valuation date for the parties' certain marital assets.

{¶ 18} Accordingly, appellant's second assigned error is overruled.

### III

{¶ 19} In her third assignment of error, appellant argues that the trial court abused its discretion by failing to conduct a spousal support analysis in the judgment entry.

{¶ 20} Generally, a trial court's award of spousal support must include analysis of or reference to the factors in R.C. 3105.18(C)(1) underlying the order. Otherwise the reviewing court cannot determine if the award was fair, equitable, and in accordance with the law. *Kapadia v. Kapadia*, Cuyahoga App. No. 94456, 2011-Ohio-2255.

{¶ 21} In this matter, appellee requested spousal support in his complaint. However, the December 29, 2010 judgment entry did not include an award of spousal support for either party. As stated, appellant did not file an answer to the complaint for divorce, failed to appear for trial, presented no evidence at trial, and made no requests of

the trial court before or during trial. Additionally, appellant has not provided this court with the transcript of the divorce proceedings, and we must presume regularity in the trial court's decision not to award spousal support in this matter. Therefore, the trial court did not abuse its discretion in failing to conduct a spousal support analysis when it did not include an award of spousal support in the judgment entry.

{¶ 22} Appellant's third assignment of error is overruled.

{¶ 23} Affirmed in part; reversed in part as to the allocation of parental rights and responsibilities. The matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR