[Cite as *Wolfe v. Ohio Accountancy Bd.*, 2016-Ohio-8542.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Matthew Robert Wolfe, | : | |
| Plaintiff-Appellant, | : | |
| | : | **No. 16AP-453** |
| v. | : | (C.P.C. No. 14CVF11-12358) |
| Accountancy Board of Ohio, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

# D E C I S I O N

## Rendered on December 30, 2016

**On brief:** *Matthew Robert Wolfe*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Rachel Huston*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Matthew R. Wolfe, appeals from a judgment of the Franklin County Court of Common Pleas that affirmed a decision of defendant-appellee, Accountancy Board of Ohio ("the Board"), to revoke appellant's certification as a certified public accountant ("CPA"). For the following reasons, we affirm that decision.

## I. Factual and Procedural Background

{¶ 2} Appellant has held a CPA certificate in Ohio since 2006. In 2013, however, he entered no contest pleas and was found guilty of multiple counts of attempted pandering of sexually oriented matter involving a minor, all felonies of the third degree. Appellant was sentenced to four and one-half years in prison.

{¶ 3}   As a result of those convictions, the Board sent appellant a "Notice of Opportunity for Hearing" ("Notice") on August 4, 2014.  In the Notice, the Board notified him that it intended to pursue disciplinary action against his certification pursuant to R.C. 4701.16(A)(5), which allows the Board to take such action against a certificate holder who has been convicted of a felony.  The Notice also informed appellant that he could request a hearing before the Board on the proposed disciplinary action.  On August 15, 2014, appellant requested such a hearing by letter.  Appellant's letter also requested that he be permitted to attend the hearing via videoconferencing technology due to his incarceration. Lastly, appellant asserted in his letter that his certification should not be revoked or suspended because the basis for his felony convictions did not involve his accounting practice.  The Board did not expressly address appellant's request to attend the hearing via videoconference.  The Board simply scheduled a hearing for November 7, 2014.  The Board sent appellant and his attorney a letter informing them of the scheduled hearing.

{¶ 4}   The Board conducted the hearing on November 7, 2014.  Appellant did not appear at the hearing due to his incarceration.  Appellant's attorney did not attend the hearing either.  However, a witness read into the record that portion of appellant's letter that advocated for a sanction less than a revocation or suspension.  That argument was based on the ground that appellant's convictions did not relate to his accounting practice.

{¶ 5}   The Board members voted unanimously to revoke appellant's certification due to his felony convictions.  Appellant appealed that decision to the trial court, which affirmed the Board's decision to revoke his certification.

## II. Appellant's Appeal

{¶ 6}   Appellant appeals the trial court's decision and assigns the following errors:

> [1.] The Trial Court erred as a matter of law in holding that the appellant's Due Process rights were not violated when the Ohio State Board of Accountancy failed to permit appellant's attendance at his revocation hearing by videoconference.
>
> [2.] The Trial Court erred as a matter of law in holding that the Ohio State Board of Accountancy's decision to revoke the CPA was proper even though his convictions were unrelated to the practice of accounting.

## A. Standard of Review

{¶ 7} This appeal is governed by R.C. 119.12, which requires a common pleas court, in reviewing an order of an administrative agency, to consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and the order is in accordance with law. *Haver v. Accountancy Bd.*, 10th Dist. No. 05AP-280, 2006-Ohio-1162, ¶ 6, citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). On appeal to this court, however, the standard of review is more limited. *Haver* at ¶ 8, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). In reviewing the common pleas court's determination that an agency order is or is not supported by reliable, probative, and substantial evidence, the appellate court's role is limited to determining whether or not the common pleas court abused its discretion. *Ace Ventures L.L.C. v. Ohio Dept. of Transp.*, 10th Dist. No. 03AP-280, 2003-Ohio-6556, ¶ 6. An appellate court's review of questions of law, however, is plenary. *Haver* at ¶ 9; *Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339 (1992), paragraph one of the syllabus. Here, appellant's assignments of error both raise questions of law.

## B. First Assignment of Error–Appellant's Due Process Right to Appear at the Hearing

{¶ 8} Appellant argues that the Board violated his right to due process by not allowing him to attend the Board's administrative hearing by videoconferencing. We disagree.

{¶ 9} In *Haver*, we noted that the requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Id.* at ¶ 45, citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first question to be answered in a due process challenge is whether a protected property or liberty interest was at stake. *Id.*, quoting *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.*, 87 Ohio St.3d 325, 331 (1999). We concluded in *Haver* that the revocation of a CPA certificate by the Board implicates a protected property right under the Fourteenth Amendment to the United States Constitution and under Ohio Constitution, Article I, Section 16, so as to implicate procedural due process protections. *Haver* at ¶ 47.

{¶ 10} The next question to answer is what process is due, *Haj-Hamed v. State Med. Bd.*, 10th Dist. No. 06AP-351, 2007-Ohio-2521, ¶ 52, because due process is flexible and calls for such procedural protections as the particular situation demands. *LTV Steel Co. v. Indus. Comm.*, 140 Ohio App.3d 680, 688 (10th Dist.2000); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). To determine whether due process is satisfied in an administrative context, Ohio courts consider the test articulated in *Matthews v. Eldridge*, 424 U.S. 319 (1976). *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 51-52 (1990) (applying *Matthews* analysis to administrative context in Ohio); *Gross v. State Med. Bd.*, 10th Dist. No. 08AP-437, 2008-Ohio-6826, ¶ 22; *Krusling v. Bd. of Pharm.*, 12th Dist. No. CA2012-03-023, 2012-Ohio-5356, ¶ 15. Under that test, the court must weigh the following three factors to determine whether the process granted in the administrative proceeding is constitutionally adequate: (1) the private interest at stake; (2) the risk of an erroneous deprivation of that interest and the probable value of additional procedural safeguards; and, (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Id.; Matthews* at 335. The question of whether the due process requirements have been satisfied presents a legal question we review de novo. *McRae v. State Med. Bd.*, 10th Dist. No. 13AP-526, 2014-Ohio-667, ¶ 36.

{¶ 11} Applying those factors to appellant's case, we recognize appellant's protected property interest in his certificate as well as the state's interest in regulating the accounting practice in Ohio. *Krusling* at ¶ 16. There was no evidence of the fiscal or administrative burdens that the Board would incur through the use of videoconferencing, so we are unable to weigh this factor in the analysis. We can weigh the risk of appellant having his certificate erroneously taken from him and the probable value of his presence at the hearing via videoconferencing. We conclude that both of these concerns are minimal. The Board properly served appellant with Notice of its intent to discipline his certificate based on his felony convictions. That Notice also notified him that he could present his position in writing. *Id.* at ¶ 16-17 (little risk of erroneous deprivation where license holder received notice of allegations and opportunity to present objections); *Gross* at ¶ 24 (same). Appellant set forth his argument in his letter requesting a hearing. Appellant did not dispute his felony convictions and conceded the Board's authority to

revoke his certificate due to his convictions. Based on these facts, the risk of an erroneous deprivation of his certificate is negligible.

{¶ 12} Appellant argued that the Board should impose a lesser sanction because his convictions did not involve his accounting practice. This argument was presented to the Board via appellant's letter. The Board rejected that argument and chose to revoke his certificate. Appellant has not set forth any reason for us to conclude that his presence at the hearing by videoconference would have strengthened his argument.

{¶ 13} Balancing the relevant interests, we conclude that the Board's failure to provide appellant the opportunity to attend the hearing by videoconferencing did not deprive appellant of due process. Appellant had notice of the hearing and the basis for the Board's action against his certification. Appellant presented his position by letter, the relevant portions of which were read into the record during the hearing. Appellant's attorney could have attended the hearing on appellant's behalf. Given these facts, we overrule appellant's first assignment of error.

### C. Second Assignment of Error—The Board's Revocation of Appellant's Certificate

{¶ 14} Although appellant concedes in this assignment of error that the Board, pursuant to R.C. 4701.16, has the authority to revoke his certificate due to his felony convictions, he argues that the Board should not have done so because his felony convictions were not related to or in any way facilitated by his profession, nor was the revocation of his certificate necessary to protect the public from criminality. Instead, he argues that the Board should have censured, fined, or suspended his certificate. We disagree.

{¶ 15} R.C. 4701.16(A)(5) authorizes the Board to discipline a person holding a CPA certificate for a felony conviction. Specifically, R.C. 4701.16(A)(5) permits the Board to discipline a certificate holder for the "[c]onviction of a felony under the laws of any state or of the United States." R.C. 4701.16(B) permits revocation as an authorized discipline. The statute's plain language conveys a clear and definite meaning: a felony conviction subjects a certificate holder to discipline. The statute does not require a connection between the conviction and the certificate holder's practice or profession or any other finding. We will not add such a requirement to the language of a statue that is

plain and unambiguous. *Haver* at ¶ 14-18 (refusing to construe R.C. 4701.16(A)(8) in such a manner that would require the insertion of words not used in the plain language of the statute, which conveys a clear and definite meaning).

{¶ 16} Appellant also argues that the Board's sanction was excessive. We reject this argument because a reviewing court is prohibited from modifying a sanction that an agency has statutory authority to impose if reliable, probative, and substantial evidence supports the agency's order. *Kellough v. State Bd. of Edn.*, 10th Dist. No. 10AP-419, 2011-Ohio-431, ¶ 57, citing *Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959), paragraphs two and three of the syllabus. The determination of the appropriate sanction in an administrative hearing is strictly for the agency. *Reed v. State Med. Bd.*, 162 Ohio App.3d 429, 2005-Ohio-4071, ¶ 41 (10th Dist.). As this court has previously stated, " '[a]s a practical matter, courts have no power to review penalties meted out by the commission. Thus, we have little or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh.' " *Abunku v. State Med. Bd.*, 10th Dist. No. 11AP-906, 2012-Ohio-2734, ¶ 29, quoting *Goldfinger Ents., Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 01AP-1172, 2002-Ohio-2770, ¶ 23.

{¶ 17} Here, appellant does not dispute his felony convictions or that the Board has the authority to revoke his certificate as a result of those convictions. Therefore, the Board's order is supported by reliable, probative, and substantial evidence and we cannot modify the authorized sanction chosen by the Board. *Kellough* at ¶ 57-58.

{¶ 18} For these reasons, we overrule appellant's second assignment of error.

## III. Conclusion

{¶ 19} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

––––––––––––––