**[Cite as *Greenhouse v. Anderson*, 2021-Ohio-4454.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Greenhouse, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-125 |
| v. | : | (C.P.C. No. 17DR-3614) |
| Leigh Anderson, | : | (REGULAR CALENDAR) |
| Defendant-Appellee, | : | |
| [Paul W. Leithart and Kenneth R. Goldberg, | : | |
| Appellants]. | : | |
| | : | |

D E C I S I O N

Rendered on December 16, 2021

**On brief:** *Michael Greenhouse*, pro se.

**On brief:** *Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., Paul W. Leithart,* and *Kenneth R. Goldberg*, for appellants.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

MENTEL, J.

{¶ 1} Appellants, Paul W. Leithart and Kenneth R. Goldberg, appeal from the January 24, 2020 decision and entry, in relevant part, awarding attorney fees to plaintiff-appellee, Michael Greenhouse, in the amount of $7,000 for frivolous conduct in violation of R.C. 2323.51. For the reasons that follow, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   This matter originates out of a complaint for divorce filed September 29, 2017.  Relevant to the instant appeal, defendant-appellee, Leigh Anderson, hired Leithart and Goldberg and the firm Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., as counsel in the divorce proceedings.  On December 5, 2017, Anderson filed an answer and counterclaim as well as a third-party complaint to join Pure Life Fitness, LLC, Michelangelo Builders, LLC ("MAG Builders"), Michelangelo Industries, LLC, and Michael R. Greenhouse Trust in the case.  The parties proceeded with discovery in what appears to be a particularly contentious dispute. Of note, Anderson retained Bryan Daulton to perform income analysis for Greenhouse and business evaluations for the third-party entities named in the case.

{¶ 3}   On April 28, 2019, Anderson met with Goldberg at his office. At the conclusion of the meeting, Goldberg requested that Anderson send an e-mail terminating him as counsel because she wanted to go a different direction with her case and no longer wanted to retain his services.  On April 29, 2019, Goldberg filed a motion to withdraw as counsel.  The trial court granted the motion to withdraw on May 2, 2019.  An amended motion to withdraw was filed to allow Leithart to withdraw from the case, which was granted on May 10, 2019.

{¶ 4}   On July 24, 2019, Greenhouse filed a motion for allocation of litigation fees and expenses against Anderson, Goldberg, Leithart, and the firm of Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A.  Greenhouse alleged that Leithart's and Goldberg's retention of experts created excessive costs of $30,000, and their last-minute withdrawal resulted in increased trial preparation expenses.  On August 15, 2019, Greenhouse served the motion on Goldberg and Leithart by certified mail.  A receipt of completed service was filed August 20, 2019.  Goldberg and Leithart declined to file a memorandum in opposition to Greenhouse's motion.

{¶ 5}   On July 25, 2019, Diane Einstein entered an appearance as counsel on behalf of Anderson and filed a motion to continue the hearing on the allocation of fees.  The motion was granted, and the hearing was scheduled for September 17, 2019.  Also on July 25, 2019, the parties presented the trial court with a proposed decree of divorce, and the trial court took testimony from the parties as to their acknowledgment and resolution of issues in the

case. The agreed decree of divorce resolved all outstanding matters, except Greenhouse's motion for allocation of fees.

{¶ 6} The matter of Greenhouse's motion for allocation of fees came before the trial court on September 17, 2019. Goldberg and Leithart did not appear for the hearing, and the trial court proceeded as scheduled. The trial court heard testimony and admitted exhibits filed by the parties before taking the matter under advisement.

{¶ 7} On January 24, 2020, the trial court issued its decision and entry in this case. In relevant part, the trial court granted Greenhouse's motion for fees against Leithart and Goldberg, finding they engaged in frivolous conduct in violation of R.C. 2323.51. The trial court awarded Greenhouse $7,000 in fees holding Goldberg and Leithart jointly and severely liable under the award.

{¶ 8} A notice of appeal was timely filed.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Leithart and Goldberg assign the following as trial court error:

> 1. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS' RIGHTS TO DUE PROCESS OF THE LAW UNDER CIVIL RULE 5.
>
> 2. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS' RIGHTS TO DUE PROCESS OF THE LAW UNDER OHIO REVISED CODE §2323.51.
>
> 3. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS' RIGHTS TO DUE PROCESS OF THE LAW UNDER FRANKLIN COUNTY DOMESTIC COURT RULE 13(D).

## III. LEGAL ANALYSIS

{¶ 10} For clarity of analysis, we will address all of appellants' assignments of error together. Appellants argue that the trial court erred and violated their due process rights under Civ.R. 5, R.C. 2323.51, and Loc.R. 13(D) of the Franklin County Court of Common Pleas, Division of Domestic Relations, by failing to provide them written notice of the September 17, 2019 hearing.

{¶ 11} Civ.R. 5(A) states that "except as otherwise provided in these rules, every order required by its terms to be served" and "every written notice" shall be served on the parties. Similarly, R.C. 2323.51 sets forth notice requirements before a trial court may

award fees for frivolous conduct.  An award for fees under R.C. 2323.51(B)(1) may only be made upon the motion of a party after the court does all of the following:

> (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
>
> (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
>
> (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. If any party or counsel of record who allegedly engaged in or allegedly was adversely affected by frivolous conduct is confined in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, the court, if practicable, may hold the hearing by telephone or, in the alternative, at the institution, jail, or workhouse in which the party or counsel is confined.

R.C. 2323.51(B)(2)(a) through (c).

{¶ 12} The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution provide that individuals are entitled to reasonable notice of judicial proceedings.  *Ohio Valley Radiology Assocs. Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125 (1986), quoting *State ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347 (1936), paragraph five of the syllabus (finding Civ.R. 5(A), governing service of papers after original pleadings, applies to parties and did not require the trial court to serve the parties with notice of a scheduled trial date as long as the parties received "some form" of reasonable notice).  Due process mandates " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "  *Ohio Valley Radiology*

*Assocs., Inc.* at 124-25, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While some form of notice is required to satisfy due process, an entry of the date of trial or hearing on the court's docket can constitute reasonable, constructive notice of that hearing. *Ohio Valley Radiology Assocs., Inc.* at 124, citing *Ries Flooring Co. v. Dileno Constr. Co.*, 53 Ohio App.2d 255, 259 (8th Dist.1977); *Metcalf v. Ohio State Univ. Hosp.*, 2 Ohio App.3d 166, 167-68 (10th Dist.1981). The question of whether due process requirements have been met is a question of law we review de novo. *Wolfe v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-453, 2016-Ohio-8542, ¶ 10, citing *McRae v. State Med. Bd.*, 10th Dist. No. 13AP-526, 2014-Ohio-667, ¶ 36.

{¶ 13} This court has generally found that a party receives constructive notice of a hearing by virtue of the trial court's entry on its online docket. *See Davidson v. West,* 10th Dist. No. 18AP-268, 2019-Ohio-224 (concluding that appellant was not denied due process rights when the trial court proceeded with trial without him, despite the notice of the trial date going unclaimed, as the appellant had constructive notice of the trial date from the court's entry on its docket); *Coleman v. R&T Inv. Prop.*, 10th Dist. No. 13AP-863, 2014-Ohio-2080 (finding that despite the notice of the trial date sent to appellant was returned unclaimed, the appellant had sufficient constructive notice based on the entry of the trial date on the docket); *Yoder v. Thorpe*, 10th Dist. No. 07AP-225, 2007-Ohio-5866, ¶ 16 (concluding that "[e]ven if [the appellant] did not receive the order of reference notifying him of the [date of] trial, he had sufficient constructive notice of the trial date by virtue of the court's entry of the trial date on its docket"); *Leader Ins. Co. v. Moncrief,* 10th Dist. No. 05AP-1289, 2006-Ohio-4232, ¶ 43 (finding the appellant received constructive notice of the correct time of trial on the court's docket); *Ketchum v. Hoffman*, 10th Dist. No. 93APE09-1270 (May 26, 1994) ("As a general rule, once a person becomes a party to an action, he has a duty to check on the proceedings of the court to assure that he will be at the hearings or trial."); *Metcalf v. Ohio State Univ. Hosp.*, 2 Ohio App.3d 166, 167-68 (10th Dist.1981) (finding that appellant must establish that the trial date was not published on the docket, and he therefore had no manner of keeping himself informed of the trial date, if he is to demonstrate a due process violation; otherwise, this court is to presume regularity with the proceedings).

{¶ 14} Ohio appellate courts outside this district have also concluded that a party receives constructive notice of a hearing through the trial court's online docket. *See, e.g., Omni Credit Servs. v. Leston*, 2d Dist. No. 25287, 2013-Ohio-304, ¶ 27 (finding that as parties are to keep themselves informed of the progress of a case, entry of a hearing date on a trial court's docket constitutes reasonable constructive notice under Civ.R. 5); *Knapp v. Husa*, 9th Dist. No. 20CA0019, 2020-Ohio-6987 (finding that as to notice of the sanctions hearing under R.C. 2323.51, the trial court did not err concluding "that there was 'simply no excuse' for [the sanctioned attorneys'] lack of diligence in failing to check the docket at any time during the five-week period from the filing of the notice on the online docket").

{¶ 15} Here, there is no dispute that Greenhouse filed a motion for an award of fees for frivolous conduct, as required under R.C. 2323.51(B). Greenhouse perfected service of the motion on Leithart and Goldberg on August 15, 2019 as evidenced by the receipt of completed services filed with the trial court on August 20, 2019. The trial court set a date for the hearing, in accordance with R.C. 2323.51(B)(2)(a), to resolve whether the "conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award." The record indicates that notice for the September 17, 2019 hearing was sent to Greenhouse, Greenhouse's attorney, David Kennedy, and Anderson on July 25, 2019.

{¶ 16} While Leithart or Goldberg were not served with copies of the notice for the September 17, 2019 hearing, the trial court's docket indicates that the September hearing date was published on July 25, 2019. Appellants were aware of the pending motion as late as August 15, 2019 and had, until their removal as counsel, actively participated in the litigation of this case for nearly two years. They were more than familiar with how to access the court's online docket and how to discern whether the motion was set for a hearing. Parties, or in this case former counsel served with a R.C. 2323.51(B) motion for an award of fees, are expected to keep themselves informed of the status of the case, and a lack of diligence as to this responsibility is not excusable when a hearing date is available via the online docket. Based on our review of the record, appellants were on notice of the September motion hearing through the trial court's online docket for over one month. Moreover, appellants' claim that they would have vigorously defended the case is curious as they declined to file a memorandum in opposition to the motion. Given these facts,

appellants' due process rights under Civ.R. 5 and R.C. 2323.51(B)(2)(b) were not violated as the trial court's online docket provided constructive notice of the hearing date.

{¶ 17} Appellants cite *Boulder Capital Group, Inc. v. Lawson*, 2d Dist. No. 2014-CA-58, 2014-Ohio-5797, for the proposition that parties are not expected to monitor the court's online docket on a daily basis. A brief review of this case is instructive.

{¶ 18} In *Boulder Capital*, the appellant was alleged to have breached a finance lease agreement regarding the rental of car-wash equipment. The appellant filed an answer in the case. Thereafter, the lessor filed a motion for summary judgment as to liability, which was granted. The trial court also granted the lessor's motion to reset the damages hearing from September 5 to 21, 2012. The appellant failed to appear at the hearing and the trial court awarded damages to the lessor. The appellant appealed arguing his due process rights were violated as he had not received proper notice of the hearing under Civ.R. 5. The Second District Court of Appeals found that while the appellant was served with the motion to continue the damages hearing on September 7, 2012, the trial court did not journalize its entry granting the continuance of the hearing on its docket until September 18, 2012. In fact, the appellant noted that the online docket, as late as September 20, 2012, did not reflect the new hearing date. While the appellant's counsel did not support this claim with an affidavit, counsel for the lessor did not contradict it. The *Boulder Capital* court ultimately concluded that failing to give the appellant's counsel actual notice or constructive notice via the online docket as late as September 20, 2012 was not reasonable notice of a September 21, 2012 hearing.

{¶ 19} We find the facts in *Boulder Capital* are distinct from the instant case. Here, the record reflects that on July 25, 2019, Diane Einstein entered an appearance as counsel on behalf of Anderson and filed a motion to continue the motion hearing, which was granted. Notice of the September 17, 2019 hearing was filed on the trial court's docket on July 25, 2019. There is no dispute that appellants were served with the motion for fees on August 15, 2019 as evidenced by the receipt of completed service filed August 20, 2019. Even accepting some delay in publishing notice of the hearing, the trial court's docket in this case provided substantially more notice than the trial court's docket in *Boulder Capital*. Moreover, appellants conceded in their brief that they were not even monitoring the online docket as they had already withdrawn from the case. (*See* Appellants' Brief at 11.) While

counsel is not required to monitor the docket on a daily basis, it certainly must make some reasonable efforts to stay informed as to a pending motion and any subsequent hearing dates.

{¶ 20} Finally, appellants' argue that the trial court erred and deprived them of due process by not complying with Loc.R. 13(D). Loc.R. 13(D) states: "[e]xcept for motions for relief from judgment filed pursuant to Civil Rule 60(B) which shall be scheduled for a hearing by the court as provided in Local Rule 13(C), the attorney shall request a hearing date at the time of filing all motions, whether to be heard orally, on affidavit or memorandum only. A Judge or Magistrate may waive this Rule for good cause shown." Per Loc.R. 13(D), the trial court waived enforcement of the rule and instead set the matter for oral arguments on September 17, 2019. We are not able to review the trial court's analysis as appellants have failed to file the transcript for either the July 25, 2019 proceeding or the September 17, 2019 hearing. " '[W]here there is no transcript submitted on appeal, [t]here is a presumption that the trial court proceedings were validly conducted. Absent a complete transcript or an acceptable alternative (such as is described in App.R. 9(C)), we must presume that the trial court's decision is correct.' " (Internal quotations and citation omitted.) *State v. Lopez-Tolentino*, 10th Dist. No. 19AP-280, 2019-Ohio-4778, ¶ 12, quoting *Barksdale v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-297, 2017-Ohio-395, ¶ 17. While appellants are correct that the issue of whether an individual is provided notice of a hearing does not necessarily require a transcript, a transcript is necessary to assess any statements by the trial court explaining their reasoning for waiving the requirement of Loc.R. 13(D). As appellants have failed to file a transcript for any of the proceedings, we have no choice but to presume the validity of the trial court's proceedings and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).[1]

{¶ 21} Moreover, appellants failed to raise this issue with the trial court at the time the motion was filed or move to strike the motion based on non-compliance with Loc.R. 13(D). While appellants will likely contend that they were not aware that the motion was set for a hearing and were not aware that the trial court waived the enforcement of Loc.R.

---

[1] For clarity of analysis, this court also notes that for reasons set forth in our analysis of Civ.R. 5 and R.C. 2323.51, any due process claims based on the alleged non-compliance with Loc.R. 13(D) by appellants are unpersuasive.

13(D), as set forth previously, had they reviewed the trial court's online docket, counsel could have been able to make this determination and respond accordingly. As such, even if the transcript was provided, appellants' failure to bring the issue before the trial court constitutes waiver of such objections on appeal.

{¶ 22} Accordingly, appellants' three assignments of error are overruled.

## IV. CONCLUSION

{¶ 23} Having overruled appellants' three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

BEATTY BLUNT, J., concurs.
BROWN, J., concurring.

BROWN, J., concurring.

{¶ 24} Appellants' position might be more persuasive had they filed a memorandum in opposition to the motion. However, in light of the facts and procedural posture of the case, as well as the precedent cited by the majority, I must concur.

_____