[Cite as *Meyer v. Wile*, 2023-Ohio-4624.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Alexander A. Meyer,                                :

      Plaintiff-Appellee,                       :                No. 23AP-133
                                                 (C.P.C. No. 22DR-2163)

v.                                                 :

Ashley N. Wile,                                    :                (REGULAR CALENDAR)

      Defendant-Appellant.                      :

D E C I S I O N

Rendered on December 19, 2023

**On brief:** *Lee S. Rosenthal*, for appellee. **Argued:** *Lee S. Rosenthal.*

**On brief:** *Einstein Law*, *LLC*, and *Taylor Jones*, for appellant. **Argued:** *Taylor Jones.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

JAMISON, J.

{¶ 1} Defendant-appellant, Ashley N. Wile, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. We affirm in part and reverse in part for the reasons stated below.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and plaintiff-appellee, Alexander A. Meyer, were married on July 31, 2010. One child was born prior to the marriage, and another child was born as issue of the marriage.

{¶ 3} On July 11, 2022, appellee filed a complaint for divorce, and attempted to serve appellant at her address through certified mail. Appellant has lived at the same

address during the pendency of this case. Certified mail service was unsuccessful, and appellant was personally served through a process server on October 18, 2022.

{¶ 4} Appellant did not file an answer to the complaint.

{¶ 5} On November 30, 2022, appellee filed a notice certificate of uncontested divorce only, listing appellant's address. The notice certificate contained a hearing date of February 3, 2023. On January 4, 2023, the clerk mailed the notice of the February hearing date to the parties.

{¶ 6} Appellee and a witness attended the February 3, 2023 hearing; appellant did not attend. A brief hearing was conducted, and the marriage was terminated. Appellee was awarded legal custody of the children and appellant was ordered to pay $769.90 per month for child support.

{¶ 7} On February 3, 2023, the agreed judgment entry/decree of divorce was mailed to appellant. On February 24, 2023, appellant's newly retained counsel filed a notice of appeal and a motion to stay the proceedings in the trial court. The trial court granted the stay on March 7, 2023.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

[1.] The trial court abused its discretion by proceeding the final hearing without giving reasonable notice of the final hearing to Appellant.

[2.] The trial court erred in issuing an Agreed Judgment Entry/Decree of Divorce, that was not agreed upon by Appellant.

[3.] The trial court erred and abused its discretion when it awarded Appellee full custody of the minor children, without evidence of the best interest factors of the minor children as required under R.C. 3109.04(F)(1).

[4.] The trial court erred when it ordered Appellant to pay child support to Appellee without adequate evidence.

## III. STANDARD OF REVIEW

{¶ 9} Parties are entitled to a reasonable notice of judicial proceedings and a reasonable opportunity to be heard. *Greenhouse v. Anderson*, 10th Dist. No. 20AP-125,

2021-Ohio-4454. "The question of whether due process requirements have been met is a question of law we review de novo." *Id*. at ¶ 12.

{¶ 10} Trial courts have broad discretion in determining custody issues, and an abuse of discretion standard of review applies to appeals of custody matters. *Baze-Sif v. Sif*, 10th Dist. No. 15AP-152, 2016-Ohio-29. The abuse of discretion standard of review is used to review matters concerning child support. *Booth v. Booth*, 44 Ohio St.3d 142 (1989).

{¶ 11} Our role in an abuse of discretion review is not as trier of fact but "to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment." *Paat v. Paat*, 5th Dist. No. 15 CAF 03 0025, 2016-Ohio-119, ¶ 66.

## IV.  LEGAL ANALYSIS

{¶ 12} In her first assignment of error, appellant argues that she was not afforded due process during the divorce when the trial court held a final hearing without providing her with notice.

{¶ 13} The Fourteenth Amendment to the United States Constitution guarantees due process of law and "requires that a party receive reasonable notice of judicial proceedings and a reasonable opportunity to be heard." *Shell v. Higgins*, 2d Dist. No. 2017-CA-5, 2017-Ohio-8186, ¶ 10.

{¶ 14} Civ.R. 75(L) provides that, where a party is not represented by counsel, "the court shall give the adverse party notice of the trial upon the merits * * * by regular mail to the party's last known address." This notice requirement gives an unrepresented party the opportunity to appear at the final hearing should he so choose." *Klein v. Cruden*, 2d Dist. No. 19952, 2004-Ohio-1479, ¶ 23.

{¶ 15} An entry setting a final hearing date in a divorce on the court's docket can constitute reasonable constructive notice of the hearing. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125 (1986). We have found that "a party receives constructive notice of a hearing by virtue of the trial court's entry on its online docket." *Greenhouse* at ¶ 13. A party to an action " ' "has a duty to check on the proceedings of the court to assure that he will be at the hearings or trial." ' " *Davidson v. West*, 10th Dist. No. 18AP-268, 2019-Ohio-224, ¶ 14, quoting *Coleman v. R&T Invest. Property*, 10th

Dist. No. 13AP-863, 2014-Ohio-2080, ¶ 12, quoting *Ketchum v. Hoffman*, 10th Dist. No. 93APE09-1270, 1994 Ohio App. LEXIS 2314, *13 (May 26, 1994).

{¶ 16} The record reflects that a notice of an uncontested divorce final hearing set for February 3, 2023 was mailed to appellant at her address on January 4, 2023. Even though the initial certified mail service failed, it is apparent that appellant has resided at the same address. There is no indication the ordinary mail service was not deliverable, and appellant has failed to demonstrate the notice of the final hearing was not sent by the clerk.

{¶ 17} Appellant did not appear at the hearing, and avers she did not receive notice and was not aware of the hearing date. However, appellant was personally served with the divorce complaint on October 18, 2022, and was therefore aware that divorce proceedings had been initiated. This knowledge triggered appellant's duty to "follow the progress of their own case." *MBA Realty v. Little G, Inc.*, 116 Ohio App.3d 334, 338 (8th Dist.1996). Appellant's due process rights were not violated because, had she looked, the trial court's online docket served as constructive notice of the final hearing.

{¶ 18} Appellant's first assignment of error is overruled.

{¶ 19} Appellant argues in her second assignment of error that the trial court erred in issuing an agreed judgment entry when she did not agree to the document.

{¶ 20} The judgment entry was prepared by appellee's counsel and presented to the trial court for signature at the hearing. The document is captioned as an agreed judgment entry/decree of divorce, but the first sentence reads that appellant never filed an answer or otherwise appeared in the matter. The second sentence acknowledges that appellee is proceeding on an uncontested basis. There is no language suggesting that appellant agreed to any term in the entry.

{¶ 21} It is clear from the record that the trial court did not treat the matter as an agreement. Appellee acknowledges that the use of the word agreed in the caption is a mistake and harmless error.

{¶ 22} It is clear, despite the use of the word agreed in the caption, that the document was not an agreement between the parties. "The complete record and the intent of the trial court, not just the caption," determine the substance of the document. *Anstaett v. Benjamin*, 1st Dist. No. C-010376, 2002-Ohio-7339, ¶ 20.

{¶ 23} The fact that the entry is titled an agreed judgment entry is a clerical mistake, which is "a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." (Internal quotation and citation omitted.) *Bracken v. Bracken*, 6th Dist. No. H-15-008, 2015-Ohio-5307, ¶ 11. The mistake could be remedied without a change to substantive aspects of the decree.

{¶ 24} Appellant's second assignment of error is overruled.

{¶ 25} In her third assignment of error, appellant contends the trial court failed to consider the best interest factors contained in R.C. 3109.04(F)(1).

{¶ 26} The allocation of parental rights and responsibilities are governed by R.C. 3109.04. The trial court must determine the best interests of the children and "consider all relevant factors, including, but not limited to, those factors set forth in R.C. 3109.04(F)(1)." *Wilk v. Wilk*, 8th Dist. No. 96347, 2011-Ohio-5273, ¶ 10. "The trial court is only required to determine what is in the best interest of the children and to 'consider all relevant factors.' " *Smarrella v. Smarrella*, 7th Dist. No. 14 JE 18, 2015-Ohio-837, ¶ 53, quoting *Krill v. Krill*, 3d Dist. No. 4-13-15, 2014-Ohio-2577, ¶ 28.

{¶ 27} However, in the absence of a motion, pursuant to Civ.R. 52, a trial court is not required to make specific findings in the judgment entry. *Wilk* at ¶ 10. An appellate court will presume regularity in the trial, "unless the contrary is made to appear in the record." *Tonti v. E. Bank Condominiums, L.L.C.*, 10th Dist. No. 07AP-388, 2007-Ohio-6779, ¶ 26. Therefore, we would presume that the trial court considered the R.C. 3109.04(F) factors "unless there is reason to believe the trial court did not consider those factors." *Wilk* at ¶ 10.

{¶ 28} If the record does not support the conclusion that all relevant factors were considered, the trial court has not complied with R.C. 3109.04(F)(1). *Brammer v. Meachem*, 3d Dist. No. 9-10-43, 2011-Ohio-519.

{¶ 29} The judgment entry contains no mention of the children's best interests or R.C. 3109.04. Instead, the judgment entry includes the summary statement declaring "Plaintiff is designated residential parent and legal custodian of the minor children of the parties, * * *. As residential parent and legal custodian, the children shall reside primarily with Plaintiff." (Feb. 3, 2023 Agreed Jgmt. Entry/Decree of Divorce at 2.)

{¶ 30} This court has found error where a trial court made no finding regarding a child's best interest. *Hawkins v. Hawkins*, 10th Dist. No. 79AP-404, 1979 Ohio App. LEXIS 10331 (Dec. 18, 1979). A decree of divorce should include language "that the trial court considered the children's best interest when it allocated parental rights and responsibilities." *Phillips v. Phillips*, 5th Dist. No. 2005CA00072, 2006-Ohio-2098, ¶ 23.

{¶ 31} At the February 3, 2023 hearing, appellee testified about his beliefs regarding best interest under direct examination by counsel:

[Counsel]     Okay. And do you feel -- you have also put in other -- do you feel that it's in the best interest of the children that you be awarded sole residential parent and legal custodian and that the parenting schedule be as set forth in this decree?

[Appellee]     Correct.

[Counsel]     Thank you. Also, the -- this decree provides for manners of communication, primarily OurFamilyWizard, it provides for child support, maintenance of health insurance, the dependency exemption and the like, correct?

[Appellee]     Correct.

[Counsel]     And do you feel all of that is in the best interest of the children?

[Appellee]     Correct.

(Tr. at 6.) Appellee's witness only acknowledged that appellee's testimony was true and correct.

{¶ 32} At the conclusion of the brief hearing, the trial court stated "[b]ased on the testimony presented, as well as my review of the file, I will grant the request for a divorce and terminate the marriage effective today, February 3, 2023. I wish you all the best. Take care." (Tr. at 8.)

{¶ 33} We find the trial court did not engage in the required best interests of the children analysis in awarding appellee legal custody. The trial court has a duty to " 'consider' all relevant factors," but the record does not indicate that the trial court evaluated each subsection under R.C. 3109.04(F)(1) and (2), either at the divorce hearing

or in the judgment entry. *Ayers v. Ayers*, 6th Dist. No. WD-21-010, 2022-Ohio-403, ¶ 14, quoting *D.C. v. M.M.*, 6th Dist. No. H-21-004, 2021-Ohio-3851, ¶ 15.

{¶ 34} Appellant's third assignment of error is sustained.

{¶ 35} Appellant asserts in her fourth assignment of error that the trial court erred when it ordered child support without any evidence.

{¶ 36} R.C. Chapter 3119 governs child support with the underlying purpose " 'to meet the current needs of the minor child.' " *Habib v. Shikur*, 10th Dist. No. 17AP-735, 2018-Ohio-2955, ¶ 13, quoting *Harbour v. Ridgeway*, 10th Dist. No. 04AP-350, 2005-Ohio-2643, ¶ 34. Ohio's child support scheme presumes a child should receive the same proportion of parental income as if the parents resided together. *Wolf-Sabatino v. Sabatino*, 10th Dist. No. 12AP-1042, 2014-Ohio-1252, ¶ 7. The first step in calculating child support is the determination of the annual income of each parent. R.C. 3119.021(A).

{¶ 37} When a trial court determines a parent's income for purposes of calculating child support, it must verify the income "with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns." R.C. 3119.05(A). A trial court's child support order issued without the necessary financial documentation " 'renders the court's order arbitrary and therefore an abuse of discretion.' " (Further quotation and citation omitted.) *Montgomery v. Montgomery*, 3d Dist. No. 14-14-22, 2015-Ohio-2976, ¶ 37, quoting *Basham v. Basham*, 3d Dist. No. 1-02-37, 2002-Ohio-4694, ¶ 6.

{¶ 38} The Seventh District found an abuse of discretion for the trial court to deviate child support to zero "without any evidence or findings as to the parties' income, health insurance, and other financial matters." *Collier v. Collier*, 7th Dist. No. 17 HA 0010, 2018-Ohio-3596, ¶ 38.

{¶ 39} Here, the decision of the trial court is not supported by any competent, credible evidence going to appellant's income. Appellant never filed a financial affidavit listing her income. The court did not review appellant's pay stubs or tax returns.

{¶ 40} Appellee did submit an affidavit of income stating his income, but the income information for appellant was left blank. Appellee prepared the child support worksheet but offered no insight regarding appellant's income figures.

{¶ 41} A trial court's determination of gross income is a factual finding, and is reviewed for " 'some competent, credible evidence' " to support the finding. *Dannaher v. Newbold*, 10th Dist. No. 05AP-172, 2007-Ohio-2936, ¶ 14, quoting *Thomas v. Thomas*, 6th Dist. No. L-03-1267, 2004-Ohio-1034, ¶ 13.

{¶ 42} We find there is no reliable information in the record regarding appellant's or appellee's income. As a result, appellant's income used in the child support worksheet "was inherently inaccurate as it was processed and calculated in violation of R.C. 3109.05(A)." *Rhymers v. Rhymers*, 11th Dist. No. 2011-L-064, 2012-Ohio-1675, ¶ 29. "[W]e have no meaningful way to review the determination." *Lenoir v. Paschal*, 2d Dist. No. 23732, 2010-Ohio-2922, ¶ 8.

{¶ 43} It is an abuse of discretion for a court not to follow the statutorily mandated procedure to determine child support. *In re B.M.*, 8th Dist. No. 111905, 2023-Ohio-1567.

{¶ 44} Appellant's fourth assignment of error is sustained.

## V. CONCLUSION

{¶ 45} Appellant was properly served with the complaint by process server and has assigned no error to the trial court granting the parties' divorce, therefore, the court does not disturb the order terminating marriage.

{¶ 46} For the reasons above, appellant's first and second assignments of error are overruled. Appellant's third and fourth assignments of error are sustained. This matter is affirmed in part and reversed in part, and is remanded to the Franklin County Court of Common Pleas, Division of Domestic Relations to take evidence as to allocation of parental rights and responsibilities, taking into consideration the best interest factors when making that determination.

*Judgment affirmed in part and reversed in part*;
*cause remanded with instruction.*

DORRIAN and BOGGS, JJ., concur.