[Cite as *S.L. v. L.R.*, 2026-Ohio-92.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [S.L.], | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-173 |
| v. | : | (C.P.C. No. 23JU-11389) |
| [L. R.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 13, 2026

**On brief:** *L.R.*, pro se. **Argued:** *L.R.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

BOGGS, P.J.

{¶ 1} Defendant-appellant, L.R., pro se, appeals the January 10, 2025 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, regarding the allocation of parental rights and responsibilities of K.L., L.R., and plaintiff-appellee, S.L's son. For the following reasons, we affirm the trial court's judgment.

**I. PROCEDURAL HISTORY AND FACTS**

{¶ 2} K.L. was born on August 18, 2008 and, while the parties were never married, paternity was established between S.L. and K.L. On November 9, 2023, S.L. filed a complaint, which was amended on December 20, 2023, requesting the trial court to allocate parental rights and responsibilities. S.L. stated that he was the biological father of K.L. and that paternity and child support had been established through the Franklin County Child Support Enforcement Agency. S.L. also stated that it was in the best interest of K.L. that financial obligations and parenting times between the parties be determined by the court,

and that it was in the best interest of K.L. that the parties exercise shared parenting.  S.L. requested an order for shared parenting that would establish parenting times and responsibilities, allocating tax dependency exemptions, and any other relief in the best interest of K.L.

{¶ 3}    On October 9, 2024, the trial court issued an agreed temporary order and, on December 20, 2024, the parties entered into a partial settlement agreement setting out parenting times and that K.L. would go to school based on L.R.'s address.

{¶ 4}    On January 10, 2025, a magistrate issued a decision with findings of fact and conclusions of law.  The decision noted that, after the December 20, 2024 settlement agreement, there were only two remaining issues between the parties: (1) the allocation of the child tax dependency exemption and (2) whether the parties would be subject to a shared parenting plan or whether L.R. would be the sole legal custodian of K.L. with S.L. being granted parenting time.  As to the first matter, the magistrate found that S.L. should have the opportunity to claim the tax benefit for K.L. for the 2024 and 2025 tax years before K.L. was emancipated.  The magistrate determined that both parties were employed with similar incomes and that S.L. had never been able to claim the tax benefits for the previous 16 years of K.L.'s life.

{¶ 5}    The magistrate also looked to the factors listed in R.C. 3109.04(F)(1) and (2) to determine that shared parenting was in the best interest of K.L.  The magistrate found that "both parents are appropriate and provide high quality care of the child.  From the evidence presented it appears that the child has a very good relationship and benefits from spending significant time with both parents." (Jan. 10, 2025 Mag.'s Decision at 11.) Neither party filed objections to the magistrate's decision.  On January 10, 2025, the trial court adopted the magistrate's decision, including its findings of fact and conclusions of law.  L.R. now appeals the trial court's decision.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}    L.R. argues two assignments of error in her pro se brief.  First, she argues that S.L. does not meet the federal guidelines to claim K.L. for a child tax dependency exemption and second, she argues that the magistrate erred in finding that she and S.L. were able to cooperate and make decisions regarding K.L. jointly.

## III.  ANALYSIS

{¶ 7}    In her first assignment of error, L.R. argues that S.L. does not meet federal guidelines to claim the child tax dependency exemption.  We again note that L.R. did not file objections to the magistrate's decision.

{¶ 8}    Under Civ.R. 53(D)(3)(b)(iii), if L.R. had filed objections to the magistrate's decision, a supporting transcript or affidavit in lieu of an unavailable transcript would have been required.  Without either objections or a transcript, the trial court was free to adopt the magistrate's decision, unless it determined there was an "error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).  Since L.R. did not file objections regarding the decision, the trial court's scope of review was limited to reviewing the decision on its face for errors of law or other evident defects.

{¶ 9}    Furthermore, because L.R. did not file objections, our review of the trial court's adoption of the magistrate's decision is limited to plain error.  "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself."  *Uretsky v. Uretsky*, 2003-Ohio-1455, ¶ 7 (10th Dist.), citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.  "Indeed, the plain error doctrine implicates errors in the judicial process where the error is clearly apparent on the face of the record and is prejudicial to the appellant."  *Skydive Columbus Ohio, LLC, v. Litter*, 2010-Ohio-3325, ¶ 13 (10th Dist.), citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985).  " 'Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise.' "  *In re C.M.*, 2008-Ohio-2977, ¶ 50 (10th Dist.), quoting *State v. Moreland*, 50 Ohio St.3d 58, 62 (1990).  "Because parental rights determinations are difficult to make and appellate courts accord wide latitude to the trial court's consideration of evidence in these cases, '[p]lain error is particularly difficult to establish.' "  *Faulks v. Flynn*, 2014-Ohio-1610, ¶ 20 (4th Dist.), quoting *Robinette v. Bryant*, 2013-Ohio-2889, ¶ 28 (4th Dist.).

{¶ 10}   Here, we find no plain error in the judgment of the trial court to allow S.L. to claim K.L. for tax benefits.  The magistrate noted that S.L. has never had the opportunity to claim K.L., the parties have roughly similar incomes, and S.L. is providing for the child through child support payments.  L.R. argues that S.L. does not meet federal guidelines to

claim the tax benefits. However, whether or not S.L. is eligible is a determination that the appropriate tax authorities will determine. As the magistrate's decision stated, S.L. "*shall have the opportunity to claim* the child as a dependent for tax benefits each remaining applicable year beginning tax year 2024." (Emphasis added.) (Jan. 10, 2025 Mag.'s Decision at 5.) Accordingly, finding no plain error in the trial court's adoption of the magistrate's decision regarding claiming K.L. for tax purposes, we overrule L.R.'s first assignment of error.

{¶ 11} In her second assignment of error, L.R. argues that the trial court erred in relying on S.L.'s testimony in finding that the parties were able to cooperate during most of K.L.'s life in ordering shared parenting. This court has previously found that a trial court has broad discretion in determining the appropriate allocation of parental rights and responsibilities. *Ramsey v. Ramsey,* 2014-Ohio-1921, ¶ 43 (10th Dist.), citing *H.R. v. L.R.,* 2009-Ohio-1665, ¶ 13 (10th Dist.). We will not disturb the trial court's decision to modify the parties' allocation of parental rights and responsibilities, including shared parenting, absent an abuse of discretion. *Geier v. Swank,* 2010-Ohio-627, ¶ 13 (10th Dist.). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 12} "The allocation of parental rights and responsibilities are governed by R.C. 3109.04. The trial court must determine the best interests of the children and 'consider all relevant factors, including, but not limited to, those factors set forth in R.C. 3109.04(F)(1).' " *Meyer v. Wile*, 2023-Ohio-4624, ¶ 26 (10th Dist.), quoting *Wilk v. Wilk*, 2011-Ohio-5273, ¶ 10 (8th Dist.). "The trial court is only required to determine what is in the best interest of the children and to 'consider all relevant factors.' " *Smarrella v. Smarrella*, 2015-Ohio-837, ¶ 53 (7th Dist.), quoting *Krill v. Krill*, 2014-Ohio-2577, ¶ 28 (3rd Dist.).

{¶ 13} We do not find an abuse of discretion by the trial court here. The magistrate properly considered the factors in R.C. 3109.04(F)(2) and determined that shared parenting was in the best interests of K.L. R.C. 3109.04(F)(2) states:

> In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:

(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;

(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;

(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;

(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;

(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.

{¶ 14} The magistrate determined that the parties, although they had been at odds in the past two years, were able to cooperate and make decisions jointly, that both parents were able to encourage K.L. to love and show affection toward the other parent, that there were no substantiated claims of abuse or violence or kidnapping by either parent, that the parties' geographic proximity allowed for shared parenting, and that the guardian ad litem strongly recommended shared parenting.

{¶ 15} The magistrate also analyzed the factors under R.C. 3109.04(F)(1), which states that, "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to" the wishes of the parents, the wishes of the minor child, the child's relationships with the parents and others, the child's adjustment, the mental and physical health of all persons involved, the parents likelihood of honoring the shared parenting plan, whether any parent in arrearages or has failed to make child support payments, whether any parent has been convicted of or pleaded guilty to certain child related or domestic offenses, whether either parent has denied the other parent parenting time, and whether either parent has established or is planning to establish residency outside the state.

{¶ 16} Here, the magistrate considered the applicability of and weighed each factor. Therefore, we overrule L.R.'s second assignment of error.

## IV.  CONCLUSION

{¶ 17} Having overruled both of L.R.'s assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch is affirmed.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

———————————